IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ROBERT LEE FREEMAN                                                                                   PLAINTIFF

v.                                          No. 3:13CV129-KGB-JJV

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                                  DEFENDANT

## Instructions for Recommended Disposition

The following recommended disposition was prepared for U.S. District Judge Kristine G. Baker. A party to this dispute may object to this recommendation in writing. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the Clerk of the Court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Baker may adopt the recommended disposition without independently reviewing the record evidence. An objecting party who seeks to submit new, different, or additional evidence, or to obtain a hearing for that purpose, must address the following matters as part of written objections: (1) why the record before the

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

magistrate judge was inadequate, (2) why the evidence was not presented to the magistrate judge, and (3) details and/or copies of any testimony and/or documents to be proffered at a hearing.  Based on this submission, Judge Baker will determine the need for a hearing.

## Recommended Disposition

Robert Lee Freeman seeks judicial review of the denial of his third application for disability insurance benefits and supplemental security income.  Freeman's last full-time job was operating a forklift for Staple Cotton Cooperative Association.[3]  Freeman was laid off on October 15, 2008.[4]  He did not look for other work.[5]  Instead, he applied for disability benefits.  Because his second application was denied on July 23, 2010,[6] this case considers whether Freeman was disabled beginning July 24, 2010.[7]  Freeman bases disability on gout and rectal bleeding.[8]

**The Commissioner's decision**. After considering the application, the Administrative

---

[3] SSA record at pp. 33, 159 & 165.

[4] *Id*. at pp. 51 & 158.

[5] *Id*. at p. 41.

[6] *Id*. at pp. 10 & 136.

[7] *Hulsey v. Astrue*, 622 F.3d 917, 924 (8th Cir. 2010) ("The law-of-the-case doctrine generally prevents relitigation of an issue previously resolved, and requires courts to adhere to decisions rendered in earlier proceedings. This doctrine applies to administrative agencies on remand.").

[8] SSA record at p. 158.

Law Judge (ALJ) determined Freeman has a severe impairment — gouty arthritis[9] — but he can do medium work.[10] Because a vocational expert classified Freeman's job as a fork lift operator as medium work,[11] the ALJ determined Freeman is not disabled and denied the application.[12]

After the Appeals Council denied a request for review,[13] the ALJ's decision became a final decision for judicial review.[14] Freeman filed this case to challenge the decision.[15] In reviewing the decision, the Court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[16] This recommendation explains why

---

[9]*Id*. at p. 13.

[10]*Id*. at p. 14.

[11]*Id*. at p. 44.

[12]*Id*. at p. 15.

[13]*Id*. at p. 1.

[14]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[15]Docket entry # 1.

[16]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not

substantial evidence supports the decision and why the ALJ made no legal error.

**Freeman's allegations**. Freeman challenges the ALJ's evaluation of his credibility. He contends the ALJ erred by considering his lack of medical treatment without considering his lack of finances. He claims the ALJ should have ordered a consultative medical exam. He maintains the ALJ did not address the medical evidence in regard to all the credibility factors. He relies on visits to the emergency room to argue that his gout has worsened since his last application. For these reasons, he argues that substantial evidence does not support the ALJ's decision.[17]

**Applicable legal principles**. The ALJ's determination about a person's ability to work must be supported by medical evidence; a claimant's subjective allegations are not enough to prove disability.[18] Because the record contains very little medical evidence, Freeman's case depends on his credibility. The ALJ followed the required two-step process and considered the required factors to evaluate Freeman's credibility.[19] Thus, the Court must determine whether substantial evidence supports the ALJ's credibility evaluation. For substantial evidence to support the evaluation, a reasonable mind must accept the

disabled.").

[17] Docket entry # 12.

[18] *Flynn v. Astrue*, 513 F.3d 788, 792 (8th. Cir. 2008); *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003).

[19] *See* SSR 96-7p, *Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*.

evidence as adequate to show Freeman can do his former job as a forklift driver.[20] A reasonable mind would accept the evidence as adequate at least four reasons.

**Treatment history**. The first reason is because Freeman's treatment history does not indicate his gout is disabling. "Gout is a form of acute arthritis that causes severe pain and swelling in the joints. It most commonly affects the big toe, but may also affect the heel, ankle, hand, wrist, or elbow."[21] Freeman complains about his type of pain.[22] Accordingly to Freeman, he experiences seven to eight flares per month, lasting for two to three weeks per flare.[23] He claims he is laid up nine to ten times per month and must crawl to get to the bathroom.[24] If this is true, a reasonable mind would except Freeman to seek medical treatment. The record reflects four emergency room visits for gout symptoms, from October 3, 2010, to October 29, 2011. These visits do not indicate disabling gout.[25]

---

[20] *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate to support the decision); *Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

[21] Rebecca Frey, Teresa G. Odle & Laura Jean Cataldo, 3 *The Gale Encyclopedia of Med.* 1919 (4th ed.).

[22] SSA record at pp. 147 & 158.

[23] *Id.* at pp. 34-35 & 42.

[24] *Id.* at pp. 36 & 181.

[25] *Accord Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) ("An ALJ may discount a claimant's subjective complaints of pain based on the claimant's failure to pursue regular

**Noncompliance**. The second reason is because Freeman receives no treatment for gout. "Gout cannot be cured but usually it can be managed successfully."[26] "Once an acute attack has been successfully treated, doctors try to prevent future attacks of gout and long-term joint damage by lowering uric acid levels in the blood."[27] Doctors prescribed medication to lower uric acid levels, but Freeman doesn't take the medication. He relies on the lack of medical insurance and/or money to purchase the medications.[28] In some circumstances, the lack of financial resources can justify the failure to comply with prescribed treatment, but the record contains no evidence that Freeman pursued indigent care or gave up smoking[29] to help finance treatment.[30] Freeman's visits to the emergency

---

medical treatment."); *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) (failing to seek medical assistance for alleged physical and mental impairments contradicted claimant's allegations of disabling conditions and supported unfavorable decision); *Ostronski v. Chater*, 94 F.3d 413, 419 (8th Cir. 1996) (complaints of disabling pain and functional limitations are inconsistent with the failure to take prescription pain medication or to seek regular medical treatment for symptoms).

[26]Rebecca Frey, Teresa G. Odle & Laura Jean Cataldo, 3 The Gale Encyclopedia of Med. 1921 (4th ed.).

[27]*Id*.

[28]SSA record at pp. 38-39 & 56.

[29]*Id*. at pp. 233, 252, 265 & 279.

[30]*Accord Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (finding claimant's allegation that he could not afford prescribed medication inconsistent the lack of evidence suggesting the claimant sought treatment offered to indigents or gave up smoking to help finance pain medication); *Murphy v. Sullivan*, 953 F.2d 383, 387 (8th Cir. 1992) (rejecting argument based on financial hardship in absence of evidence showing claimant sought

room show he can access treatment when he needs it. The ALJ previously observed that in 2008, Freeman told his doctor that he believes he is a good candidate for disability benefits because of his illness; he did fill his gout prescriptions, but was interested in applying for some kind of disability.[31]

**No functional limitation**. The third reason is the medical evidence reflects no functional limitation preventing Freeman from operating a forklift. The medical records reflect a diagnosis of gout,[32] but a diagnosis does not establish disability.[33] The medical records reflect no complaints of rectal bleeding or treatment for rectal bleeding. The emergency room doctors observed no functional limitation, other than limitation caused by a gout flare. Treating physicians prescribed treatment.[34] Prescribing treatment indicates Freeman's gout can be controlled by treatment. "An impairment which can be controlled by treatment or medication is not considered disabling."[35] Freeman contends the ALJ should have ordered a consultative exam, but the record provided sufficient evidence to

---

low-cost medical treatment or was denied medical care because of her financial condition).

[31]SSA record at p. 70.

[32]*Id*. at pp. 234, 252, 266 & 280.

[33]*Harris v. Barnhart*, 356 F.3d 926, 929 (8th Cir. 2004) (diagnosis is insufficient to show condition meets the severity requirements of listed impairment).

[34]SSA record at pp. 230, 237-38, 269, 273, 282 & 287.

[35]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

determine whether Freeman's gout is disabling.[36]

**Reason for not working**. The fourth reason is that Freeman stopped working because he was laid off, not because of gout.[37] Freeman suggested otherwise during his second hearing, but his testimony for his first hearing and his agency pleadings show he stopped working because he was laid off. Not working because of a lay-off weighs against Freeman's claim, because the medical evidence reflects no impairment preventing Freeman from operating a fork lift.

**Conclusion**. Viewed as a whole, the record does not support Freeman's allegations of disabling gout and rectal bleeding. Freeman may experience periodic, painful flares of gout, but the record indicates his gout can be controlled by treatment. Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Freeman's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

It is so ordered this 19th day of May, 2014.

*/s/ Joe J. Volpe*
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[36]*Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) ("The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled.").

[37]SSA record at pp. 51 & 158.